IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-18-FL

| | | |
|---|---|---|
| VERNICE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WEYERHAEUSER NR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. (DE 4). The issues raised have been briefed fully, and in this posture are ripe for ruling. For the reasons that follow, defendant's motion is allowed.

## STATEMENT OF THE CASE

Plaintiff, a former employee at defendant's Plymouth, North Carolina facility, proceeding *pro se*, initiated suit by complaint filed November 18, 2014, in Wake County Superior Court, from which it was removed by defendant. Plaintiff complains she wrongfully was required to operate a forklift in 2009, which exacerbated a back condition she had earlier reported to her employer who failed properly to document that injury. She complains about being forced to sign certain documentation at work. She also complains that defendant slandered her by stating she was laid off from work. She complains about male employees injured at work who have been allowed to continue in their employment, unlike her. Plaintiff also protests her wrongful treatment at

unspecified hearings which followed the forklift incident. She seeks to recover $1,000,000.00 for her pain and suffering.

Plaintiff's claims sound variously as claims for employment discrimination on the basis of sex under Title VII, intentional infliction of emotional distress, breach of contract, negligence, slander, and/or wrongful discharge in violation of public policy or workers' compensation retaliation. Defendant answered, denying liability, and asserting a plethora of affirmative defenses, including that plaintiff's claim is barred by the statute of limitations, and the doctrine of *res judicata*, where plaintiff previously filed a similar action in state court, which was dismissed. Defendant filed the instant motion for summary judgment at or around the same time as its answer, supported by affidavit wherein a manager of defendant attests that plaintiff's last date of employment was August 29, 2011.

In her unverified response, plaintiff takes issue with defendant's evidence concerning her last date of employment. She calls the August 29, 2011, date her retirement date. She points out that she took her leave of absence beginning August 27, 2010. She also indicates the form of order presented to and signed by the state court judge in the first state action, which refers to a dismissal with prejudice, does not mirror the judge's words from the bench, where at no time did he say the word "prejudice." Plaintiff clarifies the date of her original injury, 1997, and refers to a job accorded her beginning in 1998, in defendant's wood yard, which work assignment implicitly accommodated her back condition, until 2009, when she was transferred to defendant's shipping department, and required to operate a forklift. Defendant mandated this transfer despite the fact she had more seniority than six men then working with her in the wood yard.

2

In its reply, defendant reiterates arguments offered in support of its motion, resting largely on its contention that the statute of limitations expired August 29, 2014, and plaintiff cannot now proceed where her first lawsuit, similar in nature, was dismissed with prejudice.

The court stayed the progress of this case, including discovery, pending decision on the instant motion. Defendant was directed to supplement its filings in furtherance of the instant motion, so that an entire copy of the state court file in the first action brought in Wake County Superior Court, Vernice Bell v. Weyerhaeuser NR, Co.,14-CVS-369 (Bell 1), is made a part of this one. That supplement now has been received.

The state court file includes a copy of a summons issued November 12, 2014, directed to defendant through its Registered Agent, and a number of others, issued earlier, which defendant argued were neither properly addressed or timely served. The summons apparently directed correctly, to defendant's Registered Agent, was issued on the date of hearing in Bell 1 on defendant's amended motion to dismiss. Defendant presented the theory to that court that the relation back chain earlier became broken, upon plaintiff's failure to comply with Rule 4 of the North Carolina Rules of Civil Procedure, and that at time of hearing plaintiff was outside any applicable limitations period and could not then revive her lawsuit. Written order was entered in its favor following hearing, on December 1, 2014, dismissing plaintiff's case with prejudice.

The state court file also includes a motion made by plaintiff in Bell 1, filed February 5, 2015, wherein she seeks the state court to grant her relief from the judgment dismissing her case with prejudice. This could be read as a Rule 60 motion. The motion appears to remain pending as the file reveals no disposition of same.

Plaintiff filed the instant complaint in Wake County Superior Court, Vernice Bell, v. Weyerhaeuser NR, Co., 14-CVS-3649 (Bell 2), on November 18, 2014, or six days after hearing in the first filed one.

**STATEMENT OF UNDISPUTED FACTS**

While disagreeing with the import of the date, there is no dispute plaintiff's separation from defendant occurred by August 29, 2011. While there is disagreement as to whether the state court judge meant to or should have dismissed her first state court action, (Bell 1), with prejudice, there is no dispute the court's order dated December 1, 2014, on defendant's amended motion to dismiss for insufficiency of process and insufficiency of service of process, reads "[p]laintiff's claims for relief and this action are hereby dismissed with prejudice."

The complaint filed in Bell 1 on March 19, 2014, is identical to the complaint originally filed in this case,(Bell 2), in state court on November 18, 2014.

**COURT'S DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). Only disputes between the

parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. Similarly, "[c]redibility determinations . . . are jury functions, not those of a judge." Id. at 255. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id.; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "a reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

When a party seeks summary judgment against a *pro se* plaintiff, the plaintiff is entitled to certain safeguards. Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). Specifically, plaintiff is entitled to notice sufficiently understandable to fairly apprise her of what is required in response.

5

Id. In this case, plaintiff has been afforded such notice. Accordingly, the court may now turn to the substance of defendant's motion.

B.   Analysis

Even if the pendency of plaintiff's motion for relief in Bell 1 was to erode in some way defendant's arguments here under the doctrine of *res judicata*, the court's independent review of the procedural deficiencies also brought to the state court judge's attention leads it to conclude that plaintiff's claims are time barred. The longest period, as defendant has correctly analyzed, available to plaintiff to bring any of her claims is three years, as set forth in N.C.G.S. § 52. Using her last date of employment, August 29, 2011, as the starting point, because this action was filed after August 29, 2014, it is time barred in its entirety.

The court does not reach this conclusion readily. It has taken care to review the Bell 1 file in full. It is clear that plaintiff vigorously sought to bring her claims against defendant, before the limitations period expired; however, she encountered substantial service difficulties while it was accruing which were not timely cured. While service properly was obtained in Bell 2, the court is without discretion to breath life into this case, because the instant action was initiated around two and a half months after the deadline had expired.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 4) is ALLOWED. (DE 4). The clerk is directed to close the file.

SO ORDERED, this the 29th day of April, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

6